**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| | § | **CASE NUMBER 9:22-CR-00004-MAC** |
| **v.** | § § § § | |
| **JAMAL BLANTON,** | § § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On December 13, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jamal Blanton. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Possession of a Firearm by a Prohibited person, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 17 and a criminal history category of IV, was 37 to 46 months. The offense carried a maximum imprisonment term of ten years. On September 13, 2022, District Judge Marcia Crone sentenced Defendant to 40 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, and substance abuse testing and treatment. On September 24, 2024, the court modified Defendant's conditions to include refraining from the use of alcoholic beverages while on supervised release. On July 16, 2024, Defendant completed his term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from the use of alcoholic beverages. In Allegation 2 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he tested positive for alcohol on a portable breathalyzer on October 20, 2024 and thereafter admitted to using alcohol, and again tested positive for alcohol on December 4, 2024. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using alcohol, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 7 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 7 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 16th day of December, 2024.**

*[Signature: John P. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE